UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

JAMES ROBERT BATES,

    Defendant/Petitioner.
_____/

Case No. 16-20280

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE [34]**

Before the Court is Petitioner James Robert Bates' motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (ECF no. 34.) The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 2255, based on Petitioner's negotiated Rule 11 plea agreement in this Court on September 21, 2016. (ECF no. 26.) This Court is familiar with the previous proceedings, has reviewed the pleadings and supporting documentation, and Petitioner has suggested no evidence to support his motion. The motion, files and records of the case conclusively show that the Petitioner is entitled to no relief; Petitioner's claims do not raise a factual dispute and the Court finds that an evidentiary hearing on this matter is not necessary. *See* 28 U.S.C. § 2255(b). The Court has reviewed these pleadings and denies Petitioner's motion with prejudice.

**I.    Background Facts and Procedural History**

The Government sets forth the following facts:

> On February 9, 2016, at approximately 2:45 p.m., Bates entered the TCF Bank branch located at 8920 West 8 Mile Road, Royal Oak Township, Michigan. He wrote a demand note on a deposit slip that said: "This is a stick-up give me big bills you got less than 30 sec. no dye pack." He then walked up to a bank teller and passed him the demand note. The bank teller gave Bates a total of 226 dollars. The money was comprised of three batch/bait bundles, and there was a GPS tracker inside one of the bundles. After receiving the money, Bates exited the bank.
>
> Michigan State Police (MSP) were able to locate Bates using the GPS tracker. After a short foot pursuit, Bates was located hiding underneath a vehicle in the area of 19xxx Pinehurst Street in the city of Detroit. MSP recovered 128 dollars from his jacket pocket. TCF Bank provided a list of serial numbers that were on the bait bills given to the robber. The serial numbers on the money matched the serial numbers listed by TCF Bank. MSP also found the GPS tracker inside of the recovered money. Surveillance video from TCF Bank shows Bates committing the robbery.

(Gov't Resp. to Def.'s Mot. 3-4, ECF no. 42; see also Rule 11 Plea Agr. 2-3, ECF no. 26.) Petitioner states in his reply that he "is not debating or arguing with the prosecutor about [his] criminal history or [his] case." (Pet'r's Reply Br., ECF no. 45.)

A grand jury indicted Petitioner on one count of bank robbery, pursuant to 18 U.S.C. § 2113(a). (Indictment, Apr. 19, 2016, ECF no. 8.) Petitioner pled guilty to that count on September 21, 2016. (Rule 11 Plea Agr., ECF no. 26.) The plea agreement contained the government and defense's "non-binding recommendation that the sentence of imprisonment be 120 months imprisonment." (Rule 11 Plea Agr., ECF no. 26.) On January 30, 2017, the Court sentenced Petitioner to 120 months, to run concurrent with a state court sentence. (Judgment, ECF no. 33.) On May 4, 2017, Petitioner filed his motion to vacate sentence under 28 U.S.C. § 2255. (Pet'r's Mot., ECF no. 34.)

**II.     Standard**

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to "move the court which imposed the sentence to vacate, set aside or correct the sentence"

2

when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Petitioner did not take a direct appeal from his conviction and sentence. However, "ineffective-assistance claims are subject to review in the district court, having been timely raised in the petitioner's § 2255 motion." *See Jackson v. U.S.*, 45 Fed. Appx. 382, 385 (6th Cir. 2002) (citing *Hughes v. United States*, 258 F.3d 453, 457, n.2 (6th Cir. 2001) (holding that petitioner did not procedurally default his ineffective assistance of counsel claim by failing to raise it on direct appeal)).

## III. Analysis

Petitioner alleges ineffective assistance of counsel because neither of his attorneys ordered a psychological evaluation, he suffers from "bipolar depression schizophrenia" and he is "currently taking Zyprexa . . ." (Pet't'r's Mot., ECF no. 34.) He alleges that when he was "free" he was taking Seroquel, Abilify and Prozac. (Pet't'r's Mot., ECF no. 34.) He also wrote in his motion, "I am not getting the right medication." (Pet't'r's Mot., ECF no. 34.) In his reply, Petitioner argues that he "want[s] a fair chance at a psychological evaluation to see where [his] mental capacity lies and to see if [he qualifies] for a downward departure." (Pet't'r's Reply, ECF 45.)

The Court applies the familiar *Strickland* analysis for ineffective assistance of counsel to Petitioner's claim. *Strickland* requires a petitioner to show: (1) counsel's performance was deficient by falling "below an objective standard of reasonableness" and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688, 693-94 (1984); *see also Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

3

There is a strong presumption in favor of counsel's effectiveness. *See Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (holding that counsel's performance be examined "from counsel's perspective at the time of the alleged error and in light of all the circumstances," a highly deferential standard) (internal citation omitted). The Supreme Court has advised that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "[t]he availability of intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges"; it could threaten the adversarial process that the Sixth Amendment right to counsel was designed to serve. *See Strickland*, 466 U.S. at 689-90.

Petitioner pleaded guilty to one count of bank robbery. To show prejudice, the petitioner must show "the decision reached would reasonably likely have been different absent the errors." *Id.* at 696. Petitioner does not argue that he would not have pleaded guilty and would have insisted on going to trial. He admits that he is "not debating or arguing with the prosecutor about [his] criminal history or [his] case," instead, he wants a psychological evaluation to find out if he qualifies for a "downward departure" on his sentencing. Petitioner argues that counsel was ineffective for failing to provide this mitigating evidence at sentencing and throughout his court proceedings. He does not raise a challenge to his competency at the time of his plea or sentencing.

With respect to mitigating evidence specifically concerning Petitioner's mental condition, the record from both the plea hearing and the sentencing indicate that the Court was aware of Petitioner's mental condition and that this specific subject was addressed at the sentencing hearing. At the plea hearing, Petitioner testified that he had been treated for mental illness, was diagnosed at 17 years old with bipolar, and has depression. At the

4

time of the plea hearing, he was taking Prozac, Abilify and Seroquel. He testified that the medications keep him "on an even keel" and do not interfere with his ability to understand the nature of the proceeding. (Plea Hearing Tr. 5-6, ECF No. 40.) At the sentencing, Petitioner's attorney noted that this is Petitioner's third bank robbery, all of which "seem to be surrounding drugs and [Petitioner's] mental state." (Sentencing Tr. 6-7, ECF No. 41.) Petitioner's counsel also asked the Court that the sentence run concurrent with Petitioner's state court sentence. (Sentencing Tr. 8, ECF no. 41.) In the sentencing, the judge acknowledged Petitioner's mental health history and added conditions for supervision that included participation in specific programs including mental health and substance abuse treatment. (Sentencing Tr. 13-15, ECF No. 41.) There is no basis for finding that counsel performed ineffectively or that counsel's assistance was unreasonable with respect to presenting Petitioner's mental health problems to the Court. Further, there is not reason to believe that with a psychological evaluation, Petitioner's sentence would have been any different.

The Rule 11 Agreement recommended a sentence of 120 months of imprisonment, which represented a downward departure from Petitioner's guidelines. (Rule 11 Plea Agr. 4, ECF 26.) The government points out that there is no evidence that Petitioner would have received a different plea offer from the government had Petitioner's attorney requested a psychological evaluation. The government correctly notes that there "is no constitutional right to plea bargain." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). At the sentencing the Court acknowledged that the parties had accepted that the guideline provisions were 151 to 188 months. (Sentencing Tr. 11, ECF 41.) The Court found that the 120 month sentence achieved the statutory objectives of 18 U.S.C. § 3553(a), and specifically stated

that such a sentence took into account the history and characteristics of the defendant. (Sentencing Tr. 12, ECF no. 41.) The Court granted the 31-month downward departure and ordered that the sentence run concurrently with Petitioner's state court sentence. (Sentencing Tr. 13, ECF 41.)

The Court has no basis on which to find that counsel's assistance was unreasonable. *See Strickland*, 466 U.S. at 688 ("In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances."). Further, Petitioner fails to show that he has suffered prejudice as a result of counsel's performance. Petitioner fails to show a violation of either prong of the *Strickland* test.

## IV.     Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2255 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

A certificate of appealability must issue before an appeal may be taken to the court of appeals from "the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). The court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> [T]he petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues

[in a different manner] or that the questions are "adequate to deserve encouragement to proceed further."

*Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999). For the reasons set forth above, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

## V. Conclusion

For the reasons set forth herein, the Court DENIES WITH PREJUDICE Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 and DENIES Petitioner a certificate of appealability.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 29, 2019

I hereby certify that a copy of the foregoing document was served upon parties and counsel of record on May 29, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager