UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                                No. 16-CR-20280

v.                                                                Honorable Nancy G. Edmunds

JAMES ROBERT BATES,

       Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR 18 U.S.C. § 3582 COMPASSIONATE RELEASE [49]**

Defendant James Robert Bates is currently in the custody of the Federal Bureau of Prisons (FBOP) at FCI Sheridan. (ECF No. 49.) Pending before the Court is Defendant's motion for compassionate relief under 18 U.S.C. § 3582(c)(1)(A) and request for appointment of counsel. (ECF No. 49.) Defendant provided additional documentation to support his motion and the government filed a response, including medical records filed under seal. (ECF Nos. 53, 54.) Pursuant to Eastern District of Michigan LR 7.1(f), the motion will be determined without oral argument. (ECF No. 50.)

**I.    Background**

In 2016, a grand jury indicted Petitioner on one count of bank robbery, pursuant to 18 U.S.C. § 2113(a). (Indictment, ECF No. 8.) Petitioner pled guilty to that count on September 21, 2016. (Rule 11 Plea Agr., ECF No. 26.) The plea agreement contained the government and defense's "non-binding recommendation that the sentence of imprisonment be 120 months imprisonment." (*Id*.) On January 30, 2017, the Court

1

sentenced Petitioner to 120 months, to run concurrent with a state court sentence. (Judgment, ECF No. 33.)  Defendant has now served just over half of his sentence.

Defendant brings this motion for compassionate release citing health conditions including obesity, high cholesterol and pre-diabetes that make him at higher risk for COVID-19 complications, as well as his desire to see his mother, who has a terminal diagnosis. (ECF No. 49.) Defendant also requests an appointment of counsel.

## II.     Legal Standard

District courts may reduce the sentences of incarcerated persons pursuant to 18 U.S.C. § 3582(c)(1)(A) if (i) "extraordinary and compelling reasons warrant such a reduction," or (ii) the defendant is at least 70 years old and other statutory factors are met. 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).  Defendant does not meet the age and other statutory prerequisites for relief under sub-section (ii).  To be eligible for a sentence reduction under 18 U.S.C.§ 3582(c)(1)(A)(i), three requirements must be satisfied. First, the court must find that "extraordinary and compelling reasons warrant" a sentence reduction. *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). Second, the court must find that "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id.* at 1108 (citing 18 U.S.C. § 3582(c)(1)(A) (emphasis added)). When an incarcerated person, rather than the BOP, files a compassionate-release motion, the court omits this second step.  *See id.* at 1111; *see also United States v. Owens*, 996 F.3d 755, 759 n.2 (6th Cir. 2021).  Third, the court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Jones*,

980 F.3d at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

**III.    Analysis**

**A. Exhaustion of Administrative Remedies**

An inmate may bring a compassionate release motion on his own behalf once he exhausts any administrative remedies or 30 days after requesting relief from the BOP. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) (citing *United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020). Defendant attaches a request for compassionate release that he argues was submitted to the warden on January 4, 2022, and to which he did not receive a response by the time of filing this motion on February 7, 2022. (ECF No. 49, PageID.225.) He exhausted his administrative remedies. The Court therefore finds this threshold requirement to relief has been satisfied.

**B.    Request for Counsel**

The Sixth Circuit Court of Appeals joins other circuits in holding that there is no constitutional or statutory right to appointed counsel in § 3582(c) proceedings. *See United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021). The Court does not find this to be an appropriate case in which to exercise its discretion to appoint counsel. The legal and factual issues suggested in Defendant's request are not particularly complex, and with Defendant's motion and the government's response, the Court has before it all the information needed to consider Defendant's compassionate release motion.

### C.  Extraordinary and Compelling Reasons

Section 3582 does not define "extraordinary and compelling reasons." Thus, "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 984 F.3d at 519-20; *see also Jones*, 980 F.3d at 1111. But "discretion" does not mean the court's power is without limit. *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). For instance, an inmate's rehabilitation, standing alone, is not an extraordinary and compelling reason for a sentence reduction. *Id.* at 572 (citing 28 U.S.C. § 994(t)).

Defendant argues in his motion that his medical conditions, including pre-diabetes, high cholesterol, and obesity make him eligible for compassionate release. (See ECF No. 49, PageID.225.) The government submitted Defendant's medical records under seal. (ECF No. 54 *sealed.) The records reveal that Defendant is 44 years old, has high cholesterol, is prediabetic, and has a BMI of 38, qualifying him as obese. (ECF Nos. 53, 54 *sealed, PageID.261, 262, 325-26.) The Centers for Disease Control and Prevention (CDC) recognizes obesity as one of the conditions with which a person is "more likely to get very sick from COVID-19." *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 2, 2022). Diabetes is also on the list; Defendant's current diagnosis is prediabetes, which is not on the list.

The Court does not find that this combination of circumstances amounts to an "extraordinary" or "compelling" reason for relief. *See Hunter*, 12 F.4th at 562 ("[W]hen Congress enacted [§ 3582(c)] in 1984, 'extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent.' . . . '[c]ompelling' meant

4

'forcing, impelling, driving.'"); *see also United States v. Gray*, 855 Fed. Appx. 281, 283 (6th Cir. 2021) (affirming denial of compassionate release request based on health conditions including obesity, stating "[g]iven that Gray had failed to present any evidence that his obesity was poorly managed or had any impact on his health, the district court was unable to find an extraordinary and compelling reason to warrant a sentence reduction"). The records also show that Defendant tolerates his medication for hyperlipemia well. (ECF N. 54 *sealed, PageID.248.)

Further, the Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (*citing United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *see also United States v. Fowler*, 2022 WL 35591, *2 (6th Cir. Jan. 4, 2022). Defendant has received three doses of the Moderna vaccine against COVID-19, including on March 8, 2021, March 31, 2021 and January 7, 2022. (ECF Nos.54 *sealed, PageID.316, 330, 383.) Defendant has been vaccinated against COVID-19 and his medical records indicate that all his medical conditions are being properly treated and managed by the BOP. Under these circumstances, Defendant has not shown that his COVID-19 risk is extraordinary and compelling.

Defendant also requests compassionate release to see his mother. He stated that his mother has brain cancer, she only has 18 months to live, and that he would like to see her before she passes away. (ECF No. 29, PageID.220.) As the government points out, Defendant has not alleged that he would provide care for his mother, nor that there is no one else to care for her. His release plan does not contemplate that he is

5

needed to care for her. (ECF N. 49, PageID.222.) The record also shows that Defendant has other family members, including a stepfather and a sibling. (ECF No. 49, PageID.222; ECF No. 30, PageID.104.)

The Court also notes that Defendant's allegation regarding his mother's condition is unsupported in the record. *See generally United States v. Lotts*, 2020 WL 835298, at *4 (D.N.M. Feb. 20, 2020) (court denied motion where the defendant did not provide evidence substantiating his allegations). Further, Defendant has not shown that he is necessary to her care, and in what capacity. Defendant has neither alleged nor shown family circumstances that are extraordinary or compelling.

Whether considered individually or in combination, the Court finds that Defendant has not shown extraordinary and compelling reasons to warrant a change in his sentence.

### D.    18 U.S.C. § 3553 Factors

Given that Defendant has not presented extraordinary and compelling reasons to warrant a sentence reduction, an analysis of the § 3553(a) factors is not necessary. *See Elias*, 984 F.3d 516 at 519 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.") Yet even if the Court were to consider the 18 U.S.C. § 3553(a) factors, they weigh against granting Defendant's request. The Court weighed these factors when it sentenced Defendant just over five years ago, and found they warranted a term of imprisonment of 120 months, followed by a 36-month term of supervised release. (ECF No. 33.) Defendant has served just over half of that term and makes no argument as to why the Court's analysis at that time should be different today.

*United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021). The § 3553(a) factors do not support a sentence reduction.

### IV.     Conclusion

For the reasons set forth herein, Defendant's request for appointment of counsel and motion for compassionate release (ECF No. 49) are DENIED.

SO ORDERED


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 5, 2022


I hereby certify that a copy of the foregoing document was served upon Defendant and counsel of record on August 5, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager