UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES ROBERT BATES,

    Defendant.

_____/

Case No. 16-20280

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S
MOTION TO REDUCE SENTENCE [59]**

Defendant James Robert Bates is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution Sheridan. Before the Court is Defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 59.) The government opposes the motion. (ECF No. 64.) The Court has reviewed the record and finds that a hearing is not necessary. For the reasons below, the Court DENIES Defendant's motion.

**I.**      **Background**

On September 21, 2016, Defendant pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). (ECF No. 26.) On January 30, 2017, the Court sentenced Defendant to a term of 120 months of imprisonment to run concurrent with a state court sentence. (ECF No. 33.) Defendant's projected release date from BOP custody is August 3, 2024.

This is not the first time Defendant has moved for relief under § 3582(c)(1)(A). In his previous request, which was filed on February 7, 2022, Defendant cited to his health conditions and the desire to see his mother, who purportedly had brain cancer and only

1

"18 months to live." (ECF No. 49.) That request was denied after the Court found that Defendant had not shown extraordinary and compelling reasons. (ECF No. 57.) Alternatively, the Court found the 18 U.S.C. § 3553 factors not to support relief. (*Id.*) Now, in a motion filed on October 11, 2023, Defendant again seeks a sentence reduction, citing to the conditions of confinement at his facility during the COVID-19 pandemic and the desire to care for his mother who has lung cancer. (ECF No. 59.)

## II.     Analysis

The compassionate release provision set forth in § 3582(c)(1)(A) allows district courts to reduce a term of imprisonment for "extraordinary and compelling reasons." *See United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020). Under this provision, a defendant may bring such a motion on his own behalf after 1) exhausting the BOP's administrative process, or 2) thirty days have passed from the warden's receipt of a request for release from the defendant—whichever is earlier. *Id.* at 1105. Before granting relief, a court must conduct the following "'three-step inquiry:'" the court must 1) "'find' that 'extraordinary and compelling reasons warrant a sentence reduction,'" 2) "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,'" and 3) "'consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a).'" *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101). At the time of the filing of Defendant's motion, there were no applicable policy statements for defendant-filed motions.[1] *See id.* at 519.

---

[1] The relevant policy statement was recently amended and, as of November 1, 2023, applies to motions filed directly by defendants. *See* U.S.S.G. § 1B1.13.

Defendant asserts that he exhausted his administrative remedies, and the government states that it does not dispute his compliance with the exhaustion requirement for purposes of this motion. Thus, the Court will address it on the merits.

Prior to granting compassionate release, the Court must consider the sentencing factors in § 3553(a) to the extent that they are applicable. These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, protection of the public, and the need to avoid unwarranted sentencing disparities. *See* § 3553(a).

Here, the underlying offense is serious. And the Court found that a 120 month sentence achieved the statutory objectives in § 3553(a) at the time of sentencing. Defendant now relies heavily on what he describes as onerous restrictions during the pandemic. But the Court was aware of the pandemic in August 2022 when it denied his previous request for a sentence reduction. And while unfortunate, his mother's health concerns are not sufficient to tip the balance of the sentencing factors in favor of release.[2] Thus, Defendant is not entitled to relief.

### III. Conclusion

For the foregoing reasons, Defendant's motion to reduce sentence is DENIED.

SO ORDERED.

                                                  s/Nancy G. Edmunds
                                                  Nancy G. Edmunds
Dated: December 15, 2023     United States District Judge

---

[2] Due to this finding, the Court need not address whether there are extraordinary and compelling reasons here. *See Elias*, 984 F.3d at 519 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 15, 2023, by electronic and/or ordinary mail.

                                            <u>s/Lisa Bartlett</u>
                                            Case Manager